UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EVELYN BUTCHER,                    §
                                   §
                                   §
                                   §
          Plaintiff,               §
v.                                 §      CIVIL ACTION NO. H-08-cv-0244
                                   §
THE U.T. HEALTH SCIENCE CENTER     §
OF HOUSTON,                        §
                                   §
                                   §
          Defendant.               §

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. No. 10).   After

considering the parties' filings, all responses and replies thereto, and the applicable law,

the Court concludes that Defendant's Motions to Dismiss should be granted in part and

denied in part.

## I. BACKGROUND

Plaintiff Evelyn Butcher began working for the U.T. Health Science Center of

Houston (UTHSCH) as a technical support specialist in 1987.[1]  (Compl. ¶ 8.)  Beginning

in 2006, James Shin acted as Plaintiff's immediate supervisor.  (Compl. ¶ 10.)  Plaintiff

avers that Shin harassed her and treated her in a discriminatory manner because she is

Hispanic and disabled.  Additionally, she alleges that Shin treated her differently from

other younger, non-Hispanic, non-disabled employees.  (Compl. ¶ 11.)

Plaintiff left work to undergo a medical procedure in September 2006.   As a

result of the procedure, Plaintiff took medical leave, pursuant to the Family and Medical

---

[1] The facts presented here are taken from Plaintiff's First Amended Complaint.  For the purpose of
Defendant's Motion to Dismiss, and only for that purpose, the Court assumes them to be true.

Leave Act ("FMLA"), from September 28, 2006 to October 11, 2006.  (Compl. ¶ 13.) When Plaintiff returned to work, she was medically restricted from lifting any weight greater than ten pounds.  (Compl. ¶ 14.)  Shin insisted that she lift items as heavy as fifty pounds.  *Id*.  As a result, Plaintiff suffered a work-related injury on October 30, 2006. (Compl. ¶ 15.)  Following that injury, Plaintiff exhausted her remaining FMLA leave and took an additional two weeks of unpaid leave.  (Compl. ¶ 16.)  Before returning to work, Plaintiff requested reasonable accommodation of her work duties and an additional three months of personal leave for recovery.  Defendant denied her request.  (Compl. ¶ 17.) Plaintiff was told to return to work by February 17, 2007.  When Plaintiff was unable to report to work that day, Defendant terminated her employment.  (Compl. ¶ 18.)

Plaintiff filed an EEOC charge of discrimination on October 10, 2007.  (Compl. ¶ 5.) The EEOC issued a Notice of Right to Sue on October 23, 2007.  *Id*.  Plaintiff filed suit on January 22, 2008.  Defendant moves to dismiss, arguing that state sovereign immunity bars Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, the American with Disabilities Act (ADA), 42 U.S.C. § 12112(a), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621.  Defendant also moves to dismiss Plaintiff's race discrimination and retaliation claims asserted under Title VII of 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17.

## II. ANALYSIS

### A. Sovereign Immunity

#### 1. Standard

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  "It is incumbent on all federal courts to dismiss an

action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### 2. UTHSCH's Sovereign Immunity

The principle of sovereign immunity, enshrined in the Eleventh Amendment, bars citizens from suing a non-consenting state in federal court. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). If a defendant is protected by sovereign immunity, federal courts lack subject matter jurisdiction over the suit. *Warnock v. Pecos*, 88 F.3d 341, 343 (5th Cir. 1996). Public universities are typically considered arms of the state and thus entitled to sovereign immunity. *United Carolina Bank v. Board of Regents*, 665 F.2d 553, 557 (5th Cir. 1982), *cert. denied*, 488 U.S. 849 (1988)). To determine whether a public university qualifies for immunity, the court considers the status of the university under state law, the degree of state control over the university, and whether a money judgment would interfere with the state's fiscal autonomy. *Lewis v. Midwestern State University*, 837 F.2d 197, 198 (5th Cir. 1988).

Texas defines public university systems as state agencies. TEX. GOV'T CODE ANN. § 572.002(10)(B). UTHSCH belongs to the University of Texas system. TEX. EDUC. CODE § 65.02(a)(9). Furthermore, as part of the University of Texas system, UTHSCH is governed and administered by the university's board of regents that is appointed by the

governor with advice and consent of the state senate.  TEX. EDUC. CODE § 65.11.  Since

the University of Texas system is administered with state funds, it is unquestionable that

the suit would interfere with the state's fiscal autonomy.  *See generally Lewis*, 837 F.2d

at 199.  The Fifth Circuit has consistently found that the University of Texas, and its

health institutions, are protected by sovereign immunity.  *Nelson v. University of Texas*

*at Dallas*, 535 F.3d 318 (5th Cir. 2008); *Sullivan v. University of Texas Health Science*

*Center At Houston Dental Branch*, 217 Fed. Appx. 391 (5th Cir. 2007); *Scott v. Pfizer*

*Inc.*, 182 Fed.Appx. 312, (5th Cir. 2006) (finding that the University of Texas Medical

Branch is an agency of the state and therefore immune from suit).  UTHSCH is therefore

protected by sovereign immunity.  *Sullivan*, 217 F.3d at 1.

Congress may abrogate the states' Eleventh Amendment immunity from

particular claims when it both unequivocally intends to do so and "acts pursuant to a

valid grant of constitutional authority." *Board of Trustees of University of Alabama v.*

*Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62,

73 (2000)). Congress has not abrogated the sovereign immunity of the states as to claims

brought under 42 U.S.C. § 1981 or § 1983.  *Sessions v. Rusk State Hospital*, 648 F.2d

1066, 1069 (5th Cir. 1981) (noting that Congress did not waive sovereign immunity when

it enacted § 1981); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (finding that Congress did

not intend to abrogate state sovereign immunity under § 1983).   Additionally, the

Supreme Court has deemed unconstitutional Congress's attempt to abrogate state

sovereign immunity under the ADA and ADEA.  *Kimel v. Florida Bd. of Regents*, 528

U.S. 62, 82-83 (2000) (holding that Congress did not validly abrogate state sovereign

immunity when it enacted the ADEA); *Bd. of Trs. of the Univ. of Ala.*, 531 U.S. at 374

(finding that Congress's attempt to abrogate immunity under the ADA was unconstitutional). Plaintiff, in her response to Defendant's Motion to Dismiss, does not dispute that sovereign immunity bars these claims. (Doc. No. 17.)

### B. Title VII

#### 1. Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

#### 2. Plaintiff's Discrimination and Retaliation Claims

Defendant argues that Plaintiff's Title VII claims should be dismissed because Plaintiff does not sufficiently allege any discriminatory treatment that falls within the statute of limitations. Defendant concedes, however, that the denial of Plaintiff's leave request and Plaintiff's termination are not barred by the statute of limitations.

To establish a prima facie case of race discrimination, a plaintiff must show: "(1) plaintiff is a member of a protected class; (2) plaintiff is qualified for the position; (3) plaintiff suffered an adverse employment action, and (4) plaintiff was replaced with a person who is not a member of the protected class." *Pegram v. Honeywell, Inc.*, 361 F.3d

272, 282 (5th Cir. 2004).  Ultimate employment decisions, such as granting leave and

discharge, satisfy the adverse employment action element.  *Banks v. East Baton Rouge*

*Parish School Bd.*, 320 F.3d 570, 576 (5th Cir. 2003) (citing *Dollis v. Rubin*, 77 F.3d 777,

781-82 (5th Cir. 1995)).  A plaintiff can fulfill the fourth element if she proves that she

was discharged under circumstances in which an employee of a different race would not

have been discharged, irrespective of the race of her replacement.  *E. E. O. C. v. Brown &*

*Root, Inc.*, 688 F.2d 338, 340-341 (1982).

      Plaintiff's complaint sets forth a prima facie Title VII race discrimination claim.

She alleges that she is a Hispanic, that she worked in her position as a technical support

specialist from 1987 until 2007, and that up until the time Mr. Shin became her

supervisor, she received positive job evaluations.  (Compl. ¶ 11.)  She claims that her

request for additional leave was denied and that she was terminated because of

discriminatory reasons.  (Compl. ¶ 22-23.)  Finally, she alleges that Shin treated her in a

derogatory manner that was different from the way he treated other non-Hispanic

employees.  (Compl. ¶ 11.)

      Plaintiff also pleads a Title VII retaliation claim.  A plaintiff may establish a

prima facie case of unlawful retaliation by demonstrating: "1) [s]he engaged in protected

activity, 2) [s]he suffered an adverse employment decision, and 3) a causal link exists

between the protected activity and the adverse employment decision."  *Medina v. Ramsey*

*Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001).  In Plaintiff's complaint, she alleges

that she reported Mr. Shin's unfair treatment to Defendant's human resources department

(Compl. ¶ 12) and that, as a result, she was terminated.  (Compl. ¶ 26-27.)

While Plaintiff's complaint does not, admittedly, lay out extensive facts, the burden of presenting a prima facie claim in race discrimination cases requires "a very minimal showing." *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996) (citing *Thornbrough v. Columbus & Greenville R.R. Co.,* 760 F.2d 633, 639 (5th Cir. 1985)). To survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations" but instead only must allege facts that, when assumed to be true, "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

## III.  CONCLUSION

Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims brought under 42 U.S.C. § 1983, 42 U.S.C. § 1981, the ADA, and the ADEA.  Defendant's motion is **DENIED** as to Plaintiff's Title VII claims.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 18th day of November, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**